ATTA BELLE HELMAN and )
LARRY DWAYNE HELMAN; )
and ATTA )
BELLE HELMAN and LARRY )
DWAYNE )
HELMAN, as Special )
Administrator of )
The Estate of GARY HELMAN, )
)
    Plaintiffs, )
)
    v. )      CAUSE NO. 3:16-CV-00560-RL-MGG
)
BARNETT'S BAIL BONDS, )
INC., MYRA L. BARNETT, )
MICHAEL E. BARNETT, THE )
PAPERS,  INC., STACEY )
STALEY, TADD S. MARTIN, )
DANIEL S. FOSTER, MICHAEL )
C. THOMAS, and LEXINGTON )
NATIONAL INSURANCE )
CORPORATION, )
)
    Defendants. )
)

## OPINION AND ORDER

On November 23, 2016, Plaintiffs, Atta Helman, Larry Helman, and the Estate of Gary

Helman (collectively, "Plaintiffs") filed a Motion, pursuant to Fed. R. P. Civ. 15 and N.D. Ind.

L.R. 15-1, for Leave to File their First Amended Complaint [DE 53].  On December 7, 2016,

Defendant, The Papers Inc. ("Papers") filed its response in opposition to Helman's motion [DE

59].  On December 19, 2016, Plaintiffs filed supplemental exhibits in support of their motion

[DE 62].  No other defendants have filed oppositions to the proposed amendments.

# I.   RELEVANT BACKGROUND

On August 23, 2016, Plaintiffs filed their complaint raising seven claims—violation of Civil Rights pursuant to 42 U.S.C. § 1983 through general allegations (Count I), violation of Civil Rights pursuant to 42 U.S.C. § 1983 through failure to protect (Count II), violation of Civil Rights pursuant to 42 U.S.C. § 1983 through supervisor liability (Count III), violation of Civil Rights pursuant to 42 U.S.C. § 1985(3) through conspiracy to interfere with civil rights (Count IV), violation of Civil Rights pursuant to 42 U.S.C. § 1983 through a claim got the estate for wrongful death under Indiana law (Count V), violation of Civil Rights pursuant to 42 U.S.C. § 1983 through a survival action for Gary Helman's deprivation of rights (Count VI), and claims for breach of contract and violations of Indiana's Deceptive Business Practices' Act (Count VII). Plaintiffs' claims are based on allegations that Defendant Stacey Staley, an employee of Papers, engaged in conduct that brought about the death of Gary Helman, the injury of Plaintiff Larry Helman, and the emotional distress of Plaintiff Atta Belle Helman. Plaintiffs claim Papers is vicariously liable for the actions of Stacey Staley.

As background, Plaintiffs allege that on September 30, 2013, criminal charges were filed in Kosciusko County Superior Court against Gary Helman for battery and resisting law enforcement.[1] On November 27, 2013, Atta Helman, Gary's mother, sought the services of Defendant Barnett's Bail Bonds ("Barnett's") to post bond for the release of Gary. Atta paid a $2,500 premium and signed a contract with Defendant Lexington National Insurance Company ("Lexington National"), the surety for Barnett's. On July 18, 2014, a warrant was issued for Gary's arrest. Soon after, Barnett's hired Defendants Todd S. Martin, Daniel S. Foster and

---

[1] Case Number 43D01-1309-FD-000615

Michael C. Thomas to serve as bail recovery agents for itself and Lexington National and to apprehend Gary Helman.

During this time, Stacey Staley, a reporter, had written and was in the process of covering news stories about Gary Helman as a Papers employee. Plaintiffs allege that Staley and Papers began acting as informants for Martin, Foster, and Thomas in their continued search for Gary Helman. As an informant, Staley allegedly set a plan to interview Gary Helman at the home of Atta Helman. Staley was expected to enter the Helman home to speak with and confirm the presence of Gary Helman. On August 25, 2014, Staley allegedly entered the Helman home, spoke with both Gary and Atta Helman, then left and reported her contacts to the bail recovery agents. Staley then waited at the location of the Helman house, while Martin, Foster, and Thomas approached the home armed with firearms. Foster went to the front of the house and shouted "warrant" and began knocking on the door. Foster and Martin went to the back of the house where they came into contact with Larry Helman, Gary's twin brother. Thomas and Larry Helman engaged in physical altercation while Martin entered the back of the house. After entering the home, Martin and Gary Helman engaged in a firefight, which resulted in Gary's death. Additionally, Larry Helman was shot in the back during the firefight and Martin sustained multiple gunshot wounds.

Almost two years later, Plaintiffs initiated this suit, alleging that Defendants acted under color of state law by effectuating the Helman bail bond recovery. Plaintiffs' claims against Lexington National and Barnett's are based on their conduct of filing the bond with the court as sureties. Defendants Michael E. Barnett, Myra L. Barnett, Martin, Foster and Thomas allegedly cooperated to plan and effectuate the apprehension of Gary Helman under state authorized power as bail recovery agents. Plaintiffs allege that Staley and Papers jointly operated to assist in the

investigation and planning of the attack on the Helman home, acting as government informants in the assistance of the bail recovery agents.

Plaintiffs now asks this Court for leave to amend their complaint adding allegations of a violation of Civil Rights pursuant to 42 U.S.C. § 1983 through a claim of the Estate for wrongful death under Indiana Law against Defendant, Papers (Count IV). Further Plaintiff asks to amend their claim for vicarious liability for wrongful death (Count VII), and adding tort claims of Atta Helman and Larry Helman against Papers (Count VIII).

Papers opposes this motion for several reasons. First, Papers argues that Plaintiffs conceded all federal claims against it, and that there is no reason for this Court to exercise its supplemental jurisdiction power on state claims that are duplicative of current pending actions in state court.[2] Second, Papers contends that Atta and Larry Helman's proposed tort claims in Count VIII do not give proper notice to individual parties. Third, Papers argues that Plaintiffs' proposed wrongful death claims in Count IV and Count VII do not meet the Rule 12(b)(6) plausibility requirement and are inevitably futile.

II. **ANALYSIS**

**A. Supplemental Jurisdiction and State Claims**

A district court may exercise jurisdiction to the full extent of Article III's case or controversy requirement. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 682 (7th Cir. 2014). Claims are part of the same case or controversy if they derive from a common nucleus of operative fact. *Id.* at 683. However, the district courts "may decline to exercise supplemental jurisdiction over a claim . . . [if] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). In deciding whether

---

[2] In addition to filing their complaint in this Court, Helman has also filed a related state action in Kosciusko County Court, Cause number 43C01-1606-CT-30.

to exercise jurisdiction over pendent state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity. *Faust v. Parke*, No. 3:96-CV-103RP, 1996 WL 698024 at *10 (N.D. Ind. Oct. 3, 1996), *aff'd*, 114 F.3d 1191 (7th Cir, 1997) (citing *Wright v. Ass'n Ins. Co., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

It is the practice of federal court to exercise comity, which is explained as "proper respect for state functions." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Federal courts have the power to refrain from hearing cases that would interfere with state proceedings. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603 (1975). Courts should refrain from hearing a case that is duplicative of pending state proceedings. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996).

Here, Plaintiffs filed a State Action in Kosciusko Circuit Court, Indiana on June 6, 2016, alleging negligence on the part of Papers for the incident at the Helman home in August 2014. Papers and Stacey Staley filed a motion to dismiss that complaint in State Court on August 3, 2016. On December 6, 2016, the state court granted the Motion to Dismiss as to both Papers and Staley. On December 15, 2016, Plaintiffs amended their state court complaint.

In this action, Count VIII of Plaintiffs' instant proposed amended complaint alleges state tort claims of negligence. Ordinarily, these claims would not be under the jurisdiction of federal district courts as they neither present a federal question nor do they arise out of a diversity of citizenship among these parties. *See* 28 U.S.C. §§ 1331, 1332. However, supplemental jurisdiction allows this Court to hear claims that derive from a common nucleus of fact shared by a federal question claim. *See* 28 U.S.C § 1367. What prevents this Court from allowing Count VIII into the complaint is that identical claims are already proceeding through the Kosciusko Circuit Court. As a matter of comity to the state court, this Court cannot exercise its supplemental jurisdiction over a matter that is already pending in another state court. The

Kosciusko Court has demonstrated its intentions to exercise jurisdiction over Plaintiffs' tort claims by ruling on Staley and Paper's motion to dismiss and accepting Plaintiffs' amended complaint thereafter.  To allow Plaintiffs to add the tort claims proposed in Count VIII would be redundant of the state court's efforts and would also create the risk of contradictory results on the same matter in two different courts.  After considering both judicial economy and comity as outlined in *Faust*, this Court should not allow Plaintiffs' proposed addition of Count VIII.

### B.  Sufficiency of Pleadings

Even if all of Plaintiffs' proposed claims were to survive the considerations of comity and judicial economy discussed above, Plaintiffs' proposed claims still must meet proper pleading requirements.  While Rule 15(a) of the Federal Rules of Civil Procedure states that "leave to [amend a pleading] shall be freely given when justice so requires," the grant or denial of a motion to amend is committed to the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Under Rule 15(a), a motion to amend may be denied for undue delay, bad faith, dilatory motive, prejudice, or futility.  *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Co.*, 347 F.3d 652, 655 (2003).  A district court does not abuse its discretion in denying a motion to amend when amending the pleading would be a futile act.  *Glick v. Koenig* 766 F. 2d 268-69 (7th Cir. 1985).  An amendment is a futile gesture if the amendment could not survive a motion to dismiss.  *Range v. Brubaker*, No. 3:07-cv-480, 2009 WL 3257627, at *3 (N.D.  Ind. Sep. 4, 2009); *see also Crestview Vill. Apartments v. U.S. Dep't of Hous. & Dev*., 383 F.3d 552, 558 (7th Cir. 2004); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

For a claim to survive a motion to dismiss, the plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While legal conclusions can provide a

framework, they must be supported by factual allegations. *Id.* at 664. "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true … state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The *Twombly*/*Iqbal* "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. *Id* at 679. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

In this context, "plausibility" does not imply that the Court should decide which parties' version of the pleaded facts to credit as true, or which version is more likely true than not. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, the plausibility standard means that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Id.* Thus, an amended complaint would be deemed futile where the plaintiff does not plead a plausible entitlement to relief, either by failing to provide the defendant with notice of plausible claims pleaded against it or else by asserting in the complaint only speculative, conclusory, or threadbare pleadings devoid of the requisite factual pleadings that plausibly suggest an entitlement to relief. *Id.*

### 1. Tortious Claims (Count VIII)

As discussed above, Plaintiffs' proposed amended complaint adds Count VIII, which alleges a plethora of claims against individual defendants. Specifically, Plaintiffs allege general state tort claims of battery, negligence, assault, civil trespass, and negligence per se against all defendants. Plaintiffs also allege vicarious liability against Papers, Barnett's, and Lexington National. However, specific factual allegations do not impute Papers in any of these claims. Further, the plaintiffs do not allege how Papers is vicariously liable for the actions of Stacey Staley. Plaintiffs fail to allege how Staley was within her scope of employment by Papers when she allegedly acted as an informant for the bail recovery agents, necessary requirement for vicarious liability under Indiana state law. By failing to allege needed factual allegations, plaintiffs fail to allow the Court to draw any reasonable inference that the defendant is liable for the misconduct alleged. To allow this amendment to the complaint would be futile in the face of a motion to dismiss.

### 2. Vicarious Liability (Count VII)

In addition, Count VII of Plaintiffs' proposed amended complaint adds a claim of vicarious liability against Papers for the wrongful death of Gary Helman. The only mention of Papers is in paragraphs 83-84, where the complaint alleges that Stacey Staley is employed by Papers and thus the remaining defendants have vicarious liability for the wrongful death actions. [DE 53 at 21, ¶¶ 83-84]. Indiana state law establishes that a vicarious liability claim must show some sort of harm while acting in the scope of employment. *Barnett v. Clark*, N.E.2d 281, 284 (Ind. 2008). While Plaintiffs allege that Staley was employed by Papers, they do not allege that she led the bail recovery agents to the Helman home as part of her employment duties at Papers. In other words, Plaintiffs have not alleged, that Staley's conduct was within the scope of her

employment—an essential element of a vicarious liability claim.  Without allegations of this nexus, Plaintiff's proposed amended complaint is futile because it could not survive a motion to dismiss.  *Range*, 2009 WL 3257627, at *3; *Crestview Vill. Apartments*, 383 F.3d at 558; *Garcia*, 24 F.3d at 970.

### 3.  Wrongful Death (Count IV)

Furthermore, Plaintiffs' amended complaint includes new language in Count IV. Specifically, Plaintiffs seek to add paragraph 66, which states "[s]aid conduct violates a host of traditional tort principles, most specifically negligence, negligence per se for violations of criminal laws, and claims for the wrongful death of Gary Helman." [DE 53 at 18, ¶ 66]. Plaintiffs' proposed changes, however, do not add any additional factual allegations. The claim continues to fail to allege any nexus between Stacey Staley and Papers.  Plaintiffs failed to allege the requisite factual pleadings that plausibly suggest an entitlement to relief.  Based on the vague allegations in the proposed changes, the amendment to Count IV is futile.

## III.  CONCLUSION

As discussed above, Plaintiffs' unopposed proposed Counts I, II, III, V and VI could survive a motion to dismiss.  However, Plaintiff' proposed Counts IV, VII, and VII are futile because they could not survive a motion to dismiss for failure to state a claim for which relief can be granted against Papers. Therefore, the Court **GRANTS IN PART** Plaintiffs' motion for leave to amend its complaint as to Counts I, II, III, V and VI and **DENIES**  Plaintiffs' motion **IN PART** as to Counts IV, VII, and VIII. [DE 53].  Plaintiffs may file its amended complaint incorporating Counts I, II, III, V, and VI by **March 20, 2017**.

**SO ORDERED**

Dated this 13th of March 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
